**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

**PATRICIA A. FENTRESS**                                                               **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 3:18-CV-00447-RGJ**

**LOUISVILLE FEDERAL CREDIT UNION** *et al.*                       **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Patricia A. Fentress initiated this *pro se* action on July 10, 2018, and filed a generic non-prisoner application to proceed without prepayment of fees (DN 3). Because the form Plaintiff completed did not provide the Court with sufficient information to determine whether her application should be granted, the Court ordered Plaintiff to complete and file the non-prisoner application to proceed without prepayment of fees form used by this Court within 30 days from the entry date of the Order (DN 5). Plaintiff was warned that her failure to timely comply with this Order would result in the dismissal of this action. Over 30 days have passed since the entry of the Order, and Plaintiff has not complied with the Order or taken any action in this case.

Rule 41(b) authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). The Sixth Circuit has explicitly held that "the lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d at 110). "Further, the United States Supreme Court has

recognized that courts have an inherent power to manage their own affairs and may dismiss a case *sua sponte* for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Thus, because Plaintiff has failed to comply with a straightforward Order of this Court (DN 5) or to take any action in response to the Court's Order, the Court concludes that she has abandoned any interest in prosecuting this action. As such, the Court will dismiss this action by separate Order.

Date:

cc: Plaintiff, *pro se*
 Counsel of Record
A961.011